```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JIMMY ROUZAN                    *         CIVIL ACTION

VERSUS                          *         NO. 07-4926 C/W
                                          NO. 07-7868

STATE FARM FIRE & CASUALTY      *         SECTION: "D"(1)
CO.
```

## ORDER AND REASONS

Before the court is the **Motion for Summary Judgment" (Doc. No. 31)** filed by State Farm Fire and Casualty Company, a Write-Your-Own carrier participating in the U.S. Government's National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001 *et seq*.), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States."[2]  ***No memorandum in opposition was filed.*** The motion, set for hearing on Wednesday, December 3, 2008, is before the court on Defendant's brief, without oral argument.

Now, having considered the memorandum and summary judgment evidence submitted by Defendant's counsel, the record, and the

---

[1] 44 C.F.R. §62.23(f).

[2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

applicable law, the court finds that there is no genuine issue of material fact and Defendant is entitled to Judgment as a matter of law.  Plaintiff failed to submit a timely and sworn Proof of Loss (related to Hurricane Katrina flooding), and he also failed to submit any documentation to support his flood claims for additional benefits.  Thus, Plaintiff failed to comply with conditions precedent under its National Flood Insurance Program Standard Flood Insurance Policy, and no additional benefits are payable under that policy.[3]  *See* Standard Flood Insurance Policy at 44 C.F.R. Pt. 61 App. A(1), Article VII(J); *Marseille Homeowners Condominium Ass., Inc. v. Fidelity National Ins*. Co., 542 F.3d 1053 (5th cir. 2008); Wright *v. Allstate*, 415 F.3d 384, 387-88 (5th Cir. 2005); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998); *Forman v. FEMA*, 138 F.3d 543, 545-46 (5th Cir. 1998).[4]

Finally, any state-law based tort or extra-contractual claim

---

[3] Plaintiff's dwelling was located in Slidell, Louisiana.  Plaintiff's SFIP had building coverage limits of $150,000 and contents coverage limits of $38,000.  (*See* Affidavit of Mark Bruns, Claim Team Manager for State Farm  at ¶ 6).  Hurricane Katrina struck the Slidell area on August 29, 2005.  State Farm inspected Plaintiff's property on September 28, 2005 and produced an estimate of flood damage to the dwelling.  (*Id*. at ¶8).  To date, State Farm has tendered to Plaintiff $49,343.03 for building/structure damage and $38,000 in contents coverage.  (*Id*. at ¶9).  In this lawsuit, Plaintiff claims that additional benefits should have been disbursed to him under his SFIP.

[4] *See also* cases decided by this court: *Treme Cottages, Inc. v. Fidelity Nat. Ins. Co.*, 2008 WL 4974660 (E.D.La. 2008)(McNamara, J.); *Morris v. American Nat'l Prop. & Cas. Co.,* 2008 WL 2959564 (E.D.La. 2008)(McNamara, J.); *Henly v. Allstate Ins. Co.*, 2008 WL 89970 (E.D.La. 2008)(McNamara, J.); *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity Nat. Ins. Co.*, 2007 WL 2363141 (E.D.La. 2007) (McNamara, J.), *affirmed* 542 F.3d 1053 (5th Cir. 2008); *Newlin  v. Fidelity National Property & Casualty Ins. Co.*, 2007 WL 1466819 (E.D.La. 2007) (McNamara, J.); *Airhart v. Allstate Ins. Co.*, 2007 WL 2127720 (E.D.La. 2007)(McNamara, J.).

that Plaintiff has asserted based on State Farm's alleged bad faith handling of Plaintiff's flood loss claims is preempted by federal law pursuant to regulations promulgated by FEMA under authority of the National Flood Insurance Act of 1968. *Gallup v. Omaha Prop. & Cas. Ins.* Co., 434 F.3d 341 (5th Cir. 2005), *citing Wright*, 415 F.3d 384.

Accordingly;

**IT IS ORDERED** that the **"Motion for Summary Judgment" (Doc. No. 31)** filed by Defendant, State Farm Fire and Casualty Company, be and is hereby **GRANTED**, dismissing Plaintiff's flood claims asserted against Defendant, State Farm Fire and Casualty Company, and dismissing any state-law based tort or extra-contractual claim that Plaintiff has asserted based on State Farm's alleged bad faith handling of Plaintiff's flood loss claims.

New Orleans, Louisiana, this **8th** day of **December**, **2008**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE